## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

Richard E. Cohen,

               Debtor

Chapter 13
Case No. 16-10515

## ORDER DENYING MOTION FOR RECONSIDERATION

      This chapter 13 case began on August 17, 2016 and was dismissed about seven weeks later. The Debtor now seeks reconsideration of the dismissal order.

      On August 17, 2016, the Debtor filed a chapter 13 petition. He did not file a chapter 13 plan on that day. On the next day, the Court issued an order directing the Debtor to file, among other things, a chapter 13 plan on or before August 31, 2016. In effect, this order afforded the Debtor the fourteen-day period in Fed. R. Bankr. 3015(b). The order cautioned: "If you do not timely file the documents(s) or a proper motion, the Court will dismiss your case without further notice."

      Later, the plan filing deadline was extended at the Debtor's request. On August 31, 2016, the Debtor moved the Court for an extension of the plan filing deadline to September 14. The Court granted that motion. On September 15—one day after the extended deadline—the Debtor moved the Court for a second extension. This time the Debtor sought an extension to September 30, 2016. At a hearing on September 29, the Debtor's counsel represented that, if the extension were granted, the Debtor would file his plan, among other documents, on September 30, 2016. Based on that representation, the Court granted the second extension.

      Despite that representation, the Debtor did not file a chapter 13 plan on September 30. Seven days later, there was still no chapter 13 plan on the docket. As a result, on November 7,

2016, the Court issued an order dismissing the case. The Debtor now seeks reconsideration of that order, contending that the Court was required to conduct a hearing before dismissing the case under 11 U.S.C. § 1307(c) and that conversion, as opposed to dismissal, is in the best interests of the creditors and the estate.

The Debtor's first argument is easily dispatched. Section 1307(c) authorizes the dismissal or conversion of a chapter 13 case for cause "after notice and a hearing[.]" 11 U.S.C. § 1307(c). In the Bankruptcy Code, the phrase "notice and a hearing" has a specified meaning. The phrase:

> **(A)** means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> **(B)** authorizes an act without an actual hearing if such notice is given properly and if—
>
> **(i)**    such a hearing is not requested timely by a party in interest; or
>
> **(ii)**   there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

11 U.S.C. § 102(1); see In re Sullivan Ford Sales, 2 B.R. 350, 354 (Bankr. D. Me. 1980) ("There was complete awareness on the part of the principal congressional architect of the Code that 'after notice and a hearing' did not contemplate a hearing in every instance."). All interested parties, including the Debtor, had notice of the Court's stated intention to dismiss the case if the Debtor did not file the required documents. Nobody requested a hearing. Simply put, the Debtor's request for a hearing is too late.

The Debtor's second argument is more complicated, but fares no better. The argument is constructed on the assumption that, if he is not allowed to convert this case, the Debtor will file another chapter 7 case. In that event, says the Debtor, creditors will be burdened by the

requirement of filing new proofs of claim (when some creditors had already filed proofs of claim in the chapter 13 case). That may be true, but the prospect of the additional effort and expense of filing proofs of claim in a chapter 7 case at some point down the road is simply not enough in this context. The Court does not quarrel with the Debtor's additional contention that an orderly, supervised liquidation of the Debtor's assets may produce a better recovery for creditors. Had the Debtor raised this point before the case was dismissed, the Court might have opted to convert the case instead of dismissing it. He did not. He also did not elect to convert his case to chapter 7 before the Court issued the dismissal order. *See* 11 U.S.C. § 1307(a). All of the Debtor's arguments about the relative benefits of a conversion to chapter 7 either come too late, are too generalized, or incorrectly focus on the benefit of conversion to the Debtor and an affiliated corporation.

The Debtor's motion does meet the standard for reconsideration of a judgment. Rules 59 and 60 of the Federal Rules of Civil Procedure are generally applicable in cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 9023 and 9024. A motion under Fed. R. Civ. P. 59(e), which governs altering or amending a judgment, must clearly establish a manifest error of law or present newly discovered evidence. *See* Laundrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000). A motion under Rule 60(b) must demonstrate, among other things, that there "exceptional circumstances." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). There is no newly discovered evidence, and no manifest error of law. There are no exceptional circumstances. Accordingly, the Motion to Reconsider [Dkt. No. 26] is denied.

Dated: November 18, 2016

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine